FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

2013 APR 22  PM 2: 53

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

MARTA MARCANO
AND ROLAND MARCANO,

      Plaintiffs,

v.

COMMERCIAL RECOVERY
SYSTEMS, INC.,

      Defendant.

_____/

CASE NO.

3:13-cv-427-J-32JRK

## PLAINTIFFS' VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, MARTA MARCANO AND ROLAND MARCANO ("Plaintiffs"), by and through the undersigned attorneys, KROHN & MOSS, LTD., and for Plaintiffs' Complaint against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1.     Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

### JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.     Because Defendant conducts business in the State of Florida, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5.      Plaintiffs each are natural persons who reside in Jacksonville, St. John's County, Florida and are obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6.      Plaintiffs are informed, believe, and thereon allege, that Defendant is a national company with a business office in Dallas, Texas.

7.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

8.      Plaintiffs are informed, believe, and thereon allege, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9.      In or around December of 2012, Defendant began placing collection calls to Plaintiffs seeking and demanding payment for an alleged consumer debt.

10.     Plaintiffs' alleged debt owed arises from transactions for personal, family, and household purposes.

11.     Defendant calls Plaintiffs from 469-453-8460.

12.     Defendant calls Plaintiff Roland Marcano's cellular telephone number at 305-986-97XX.

13.     Defendant calls Plaintiff Roland Marcano's work telephone number at 305-969-36XX.

14.     Defendant calls Plaintiff Roland Marcano's work telephone number at 904-230-15XX.

15.    Defendant calls Plaintiffs' home telephone number at 904-230-15XX.

16.    In the course of a telephone conversation with Plaintiff Roland Marcano on or around January 31, 2013, Defendant misrepresented to Plaintiffs that Defendant had obtained a judgment against Plaintiffs.

17.    In the course of a telephone conversation with Plaintiff Roland Marcano on or around January 31, 2013, threatened to garnish Plaintiff Roland Marcano's wages and threatened to seize Plaintiffs' home.

18.    Upon information and belief, Defendant has not obtained a judgment against Plaintiffs.

19.    As a result of Defendant's threats, Plaintiffs suffered embarrassment, stress, aggravation, anguish, anxiety, fear and paranoia.

<u>COUNT I</u>
<u>DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT,</u>
<u>(FDCPA), 15 U.S.C. § 1692 et seq.</u>

21.    Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

a.  Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

b.  Defendant violated §1692e(2)(A) of the FDCPA by falsely representing the character, amount, or legal status of any debt;

c.  Defendant violated §1692e(4) of the FDCPA falsely threatening to garnish Plaintiffs' wages and seize Plaintiffs' home despite being legally unauthorized to do so;

d.  Defendant violated §1692e(5) of the FDCPA threatening to take any action that could not legally be taken or that was not intended to be taken;

e.  Defendant violated §1692e(10) of the FDCPA by using false representations

and/or deceptive means in an attempt to collect a debt.

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

22. Actual damages to compensate Plaintiffs for mental anguish, emotional distress, anxiety, depression, humiliation and inconvenience caused by Defendant in an amount to be determined by the trier of fact pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692;

23. Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k;

24. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

25. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: _____
Shireen Hormozdi
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 ext. 267
Fax:    (866) 802-0021
Attorney for Plaintiff
FBN: 0882461

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, MARTA MARCANO AND ROLAND MARCANO, hereby demand trial by jury in this action.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL                                4

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA)
COUNTY OF ST. JOHN'S)

Plaintiff, MARTA AND ROLAND MARCANO, says as follows:

1.  I am a Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this Complaint in good faith and solely for the purposes set forth in it.

6.  Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MARTA AND ROLAND MARCANO, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 2-19-2013

_____
MARTA MARCANO,
Plaintiff

Dated: 2-19-2013

_____
ROLAND MARCANO
Plaintiff

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL                    5